## AMERICAN SHOW & ENTERTAINMENT CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

### Docket No. 7679.   Promulgated December 30, 1926.

DEDUCTIONS FOR ALTERATIONS AND REPAIRS.—Evidence respecting the nature and purpose of various items of building alterations and repairs examined and certain items *held* allowable deductions for losses and repairs.

*Frank Carlton, Esq.,* for the petitioner.
*W. H. Lawder, Esq.,* for the respondent.

The petitioner has complained of a deficiency letter dated August 8, 1925, asserting deficiencies in income and profits taxes for the

year 1920 in the amount of $855.14, and for the year 1921 in the amount of $2,141.64.

The only issue presented for our consideration is whether certain expenditures in and about the petitioner's building were capital expenditures or repair expenditures.

### FINDINGS OF FACT.

The petitioner is an Illinois corporation with its principal place of business at Chicago. In 1910 it leased certain premises for a period of 34 years, and, under the terms of the lease, erected thereon a building constructed of steel and tile. The side walls were finished with plaster and the outside with stucco. The building was constructed for a dance hall and is approximately 200 feet long by 100 feet wide, with a stage at one end and an arch roof 48 feet high.

The items in dispute for the year 1920 are as follows:

| | |
|---|---|
| The taxpayer purchased and installed over its stage a curtain and valance at a cost of | $1,300.00 |
| It purchased and installed three electric dryers at a cost of | 100.00 |
| And it expended for stage scenery and decorations | 1,080.00 |

These items were charged to expense in the year 1920. The curtain and valance were discarded during the year 1921. The dryers proved unsatisfactory and were discarded during the year 1920. The stage scenery and decorations had a life of a year or more. The Commissioner restored all of these items as capital expenditures. During the year 1921 the petitioner made a general reconditioning of its building and in so doing expended a total of $45,968.38 for materials and labor. It charged $23,160.10 of this amount to capital and $22,808.28 to repairs. Of the items charged to repairs the Commissioner disallowed the following:

| | |
|---|---|
| Frescoing and decorating | $5,000.00 |
| Changes in heating system | 1,963.62 |
| Changes in plumbing and tile | 675.00 |
| Plaster work | 898.96 |
| Lumber used | 1,616.42 |
| Labor of carpenters | 1,058.23 |
| Changes in stage settings | 2,023.80 |
| Miscellaneous iron work | 824.00 |
| Miscellaneous alterations | 2,091.52 |
| | 16,151.55 |

### OPINION.

TRUSSELL: At the trial of this proceeding much testimony was produced respecting the petitioner's property, its generally run-

down condition, and the necessity for the changes and alterations which were made.

Officers of the petitioner corporation, and a capable architect employed by it to superintend the alterations and changes made, testified in detail in respect to all of such alterations and changes and the expenditures for such purposes.

Upon all the evidence contained in this record respecting the several items claimed by the petitioner as repair expense and disallowed by the Commissioner, we are of the opinion that of the three items disallowed for the year 1920 the item of cost of electric dryers, $100, which were installed and discarded during the same year, should be allowed as a deduction from gross income for that year. Of the several items disallowed by the Commissioner for the year 1921 we are of the opinion that the testimony supported the claim of the petitioner in respect to the following items:

| | |
|---|---:|
| Changes in heating system | $1,963.62 |
| Plaster work | 898.96 |
| Changes in stage settings | 2,023.83 |
| Miscellaneous alterations | 2,091.52 |
| Total | 6,977.93 |

and that these items should be allowed as repair expenses for the calendar year 1921.

> *The deficiencies will be recomputed in accordance with the foregoing opinion pursuant to Rule 50, and judgment will be entered thereon accordingly.*